## Valentine v. Krumrine.

*Sale—Contract—Warranty—Sale of cows.*

1. A warranty in a sale of personal property is a statement or a representation of facts made by the vendor as to the character or quality of the article sold, or the title thereto, whereby the vendor promises that the thing is or shall be as represented.

2. Where two cows are sold at public auction upon printed notice as to their having been bred and having been fresh on dates mentioned, the purchaser cannot afterwards avoid paying the purchase money on the ground that the warranties were broken because the cows did not calve and become fresh at the times he anticipated.

Rule to open judgment. C. P. Centre Co., Sept. T., 1925, No. 152.

*J. C. Furst*, for plaintiff.

*S. D. Gettig* (with him *John J. Bower*), for defendant.

KELLER, P. J., Feb. 7, 1927.—The above mentioned judgment, No. 152, Sept. Term, 1925, was entered Aug. 4, 1925, upon a judgment exemption note, under seal, dated March 26, 1924, for $162, payable one year after date, executed and delivered by J. F. Krumrine and Mrs. Annie M. Krumrine, his mother, defendants, to George Valentine, plaintiff. An execution was issued thereon, the same day, to No. 40, Sept. Term, 1925, which was stayed Aug. 8, 1925, upon defendants' petition for a rule to show cause why said judgment should not be opened and they let into their defence, which rule was granted by the court. Considerably later, testimony was taken and filed by both parties and the case argued by counsel before the court for its determination.

It is admitted by both parties that the consideration for the note in question were two Jersey cows, purchased by J. F. Krumrine, one of the defendants, at a public sale had by the plaintiff March 26, 1924, one of said cows, called "Mouski," being designated as No. 23 in the printed catalogue of said sale, and the other called "Scotia," being designated as No. 32 in said catalogue of sale.

In the defendants' petition for the above mentioned rule, it is alleged that said catalogue of sale contained the following description, in part, of these two cows:

"No. 23—Cow. *Mouski*. Age 9. Fresh September 6, 1923. Bred November 4, 1923. *Sire*, Jap's Flashlight 96949. *Dam*, Gipsy's Mikado 83130. . . ."

"No. 32—Cow. *Scotia*. Age 8. Fresh July 18, 1923. Bred January 2, 1924, *Sire*, Jap's Flashlight 95949. *Dam* by Gipsy's Mikado 83130. . . ."

These allegations are sustained by the printed catalogues of sale, one of which is attached as an exhibit to the defendants' testimony taken and filed in the case.

The defendants' petition further alleges that the sales manager and auctioneer both announced at the time of the sale that the cows would have to be as represented, and the testimony offered in their behalf was to the effect that they did not represent the cows other than as advertised, that they both represented the cows as per the advertisement in the catalogue, and that the auctioneer several times announced that everything was sold as represented. It further appears from said petition and the testimony offered in evidence by the defendants that these two cows did not become "fresh," nor did they "calve," at the respective times when they were expected to do so by the defendant, J. F. Krumrine, and that, after writing two letters, dated Oct. 2, 1924, and March 3, 1925, respectively, to this effect, to the plaintiff (who, however, denied ever receiving said letters), on the evening of July 2, 1925, after dark, he caused said cows to be delivered to the plaintiff's farm, where they had been purchased, but which farm, at the time of their delivery, was in the possession of a tenant and not of the plaintiff.

On the other hand, testimony offered on behalf of the plaintiff, which was not contradicted, tended to show that both cows were bred on the respective dates as advertised in the printed catalogue of sale, and that the cow, Mouski, has had a calf since she was returned to the farm occupied by the plaintiff's tenant, and that as to the cow Scotia, while she had aborted at one time in her career, she had thereafter recovered therefrom and had her calves naturally, and that she had one calf sold at the same sale at which she herself was purchased by the defendants.

Section 12 of the Uniform Sales Act of May 19, 1915, P. L. 543, provides: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods. . . ."

A warranty in a sale of personal property is a statement or representation of fact made by the vendor as to the character or quality of the article sold, or of the title thereto, whereby the vendor promises that the thing is or shall be as represented. It is otherwise defined as a statement of fact as to an article sold, coupled with an agreement to make the statement good, and such agreement may be either express or implied: Ingraham *v.* Union R. Co., 33 Atlantic, 875, etc.

The defendants' contention seems to be that, because these cows did not calve and become fresh at the respective times it was expected and anticipated by J. F. Krumrine that they would do so, the warranty of the plaintiff as to their having been bred upon certain dates, as advertised, was broken, and the cows having been returned considerably later to the plaintiff's tenant, said plaintiff could not recover upon his judgment against them.

A careful examination of the defendants' petition for a rule and the evidence offered in their behalf, including the printed catalogue of sale, fails to disclose any warranty relative to said cows becoming fresh or producing

Valentine v. Krumrine.

calves in the future, but only as to the fact of their having been bred, and the plaintiff's testimony as to this being so was not contradicted.

Under the circumstances, it is not necessary to consider the question as to the alleged laches of J. Frank Krumrine, defendant, in that he waited from Oct. 2, 1924, the date when he expected the second cow to calve, until July 2, 1925, before returning said cows to the farm occupied by plaintiff's tenant.

And now, to wit, Feb. 7, 1927, the rule heretofore granted is dismissed, at the costs of the defendants. To which order and decree an exception is noted for the defendants and a bill sealed.